**Klenn S. GRANT, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3011.

United States Court of Appeals, Federal Circuit.

DECIDED: May 8, 2003.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

The decision of the Merit Systems Protection Board ("Board"), affirming the reconsideration decision of the Office of Personnel Management ("OPM") that denied the petitioner Klenn S. Grant federal disability retirement benefits because his application was untimely filed, is affirmed.

I

The facts are undisputed. Grant was separated from federal employment on December 26, 1994, after working for forty-one months for the Indian Health Service. More than six years later, on January 11, 2001, he applied to OPM for a disability

retirement annuity. In its reconsideration decision, OPM denied the application as untimely. Grant challenged that action before the Board.

In her initial decision, which became final when the full Board refused to review it, the Board's administrative judge rejected Grant's contention that the one-year statutory period for applying for a disability retirement should be waived because of his mental incompetence. *Grant v. OPM,* No. DE–844E–02–0044–I–1 (May 14, 2002). She found that Grant "has failed to establish by a preponderance of the evidence that he was incompetent between. December of 1994 and January of 2001." *Id.* at \*7.

The administrative judge stated the following "undisputed" facts relating to that issue: Grant applied for and received a Social Security disability annuity. *Id.* "A 1997 SSA [Social Security Administration] psychiatric assessment does not indicate any competency problems." *Id.* In his original application to OPM, Grant stated that he had delayed filing it until 2001 "because of the time it took to compile the necessary documentation." "In a submission to OPM dated April 26, 2001, the appellant stated that he was not incompetent. The appellant's treating physician since 1993, Dr. Odegaard, stated in a July 24, 2001 letter that, as long as he has known the appellant, the appellant has been competent to make his own decisions regarding his medical care, financial affairs, and other concerns." *Id.* Grant "submitted a January 23, 2002, assessment from Dr. Victor Houser explaining the appellant's post traumatic stress disorder. However, Dr. Houser did not state that the appellant was not competent nor does the statement explain why the appellant's health problems prevented him from applying for disability until January of 2001." *Id.*

II

Under 5 U.S.C. § 8453 (2000), an application for disability retirement benefits must be filed with OPM before the employee is separated or "within 1 year thereafter." OPM may waive this time limitation for an employee "who, at the date of separation from service or within 1 year thereafter, is mentally incompetent...." 5 U.S.C. § 8453. In that situation, the employee must file an application within one year of regaining competency. *Id.*

Grant contends that the Board failed to consider two statements of Dr. Houser. The Board discussed Dr. Houser's first statement of January 23, 2002, but found it unpersuasive because "Dr. Houser did not state that the appellant was not competent nor does the statement explain why the appellant's health problems prevented him from applying for disability until January of 2001." *Grant,* No. DE–844E–02–0044–I–1, at \*7. Dr. Houser's second statement was dated June 17, 2002, which was more than thirty days after the administrative judge issued her initial decision on May 14, 2002. She cannot be faulted for failure to consider that letter. Moreover, the letter did not unequivocally state that Grant had been mentally incompetent, but only that, in view of the medical problems from which Grant suffered, "I would not find it surprising that he lacked 'minimal capacity to manage his own affairs,' during the dates in question."

In view of the foregoing facts, we cannot say that the Board's decision that Grant was not mentally incompetent between December 1994 and January 2001 is "unsupported by substantial evidence," which is the standard for our review of Board factual determinations. 5 U.S.C. § 7703(c)(3). The Board was fully justified in affirming

OPM's denial of Grant's application for retirement disability benefits.